UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| In re:<br><br>RUSSEL JOHN LARSON<br>SSN/ITIN xxx-xx-0187<br><br>and<br><br>JULIE ANN LARSON<br>fka  Julie Ann McDaniel<br>fka  Julie Ann Castle<br>SSN/ITIN xxx-xx-3050<br><br>                           Debtors | Bankruptcy Case No. 16-50131<br>Chapter 11<br><br>**PLAN OF REORGANIZATION**<br>**DATED OCTOBER 18, 2017** |

## I.
## RETENTION OF JURISDICTION

United States Bankruptcy Court, District of South Dakota, shall retain jurisdiction of this case until this case is closed.

## II.
## APPOINTMENT OF DISBURSING AGENT

Debtors shall be the disbursing agent and shall timely disburse all cash payments provided herein.

## III.
## EXECUTORY CONTRACTS AND LEASES

Debtors have no pre-petition executory contracts or leases.  The Debtors did obtain an executory contract for the services of a realtor after filing with the Court's approval.

## IV.
## ADMINISTRATIVE EXPENSES

Administrative expenses, other than attorney fees, shall be paid on the effective

1

date of the Plan. Trustee fees and clerk fees owed upon the effective date of the Plan shall be paid at that time. Administrative claims for attorney fees and expenses shall be paid upon court approval.

Debtors have paid their attorney the sum of $4,000.00 as a retainer and deposited the $8,385.00 Montana tax check into their attorney's trust account, which is being held until this Court approves a request for fees. Those two (2) amounts would be applied, with Court approval, to Debtors' attorney's fees. It is estimated that $25,000.00 additional attorney fees and expenses will be needed to complete the Plan and for fees and expenses already incurred as part of this matter.

This is an estimate depending on whether additional trips to Rapid City and/or Pierre, South Dakota, are necessary to resolve this matter. Debtors propose to pay their attorney $500.00 per month, the Court approval, for the length of the plan and/or until all fees are paid. If any of the three (3) parcels of real estate, i.e. Residential House, Lot secured by Dacotah Bank or the Lot secured by Black Hills Federal Credit Union are sold, any excess monies will be applied to the attorney fees until payment is complete.

Debtors will file quarterly operating reports and pay the U.S. Trustee quarterly fees until the case is closed.

## V.
## EFFECTIVE DATE

The effective date of the Plan shall mean the 15th day following the entry of an Order of Confirmation.

## VI.
## CLASSIFICATION OF CLAIMS

The claims of creditors shall be divided into Classes as follows:

Class 1: Dacotah Bank – Skid steer

Class 2: Dacotah Bank – Recreational Vehicle (RV)

Class 3: United State of America – acting through the Internal Revenue Service (IRS)

Class 4: Department of Education – student loan(s)

Class 5: Nation Star – 1st mortgage

Class 5a: CitiMortgage – 2nd mortgage

2

Class 6: Dacotah Bank – Lot

Class 6a: Dacotah Bank – Operating notes

Class 7: Black Hills Federal Credit Union – 2013 Cadillac Escalade

Class 8: Black Hills Federal Credit Union – Lot

Class 9: Ally Financial – 2015 GMC Sierra

Class 10: Citizen's Federal – 2010 Elite Horse Trailer

Class 11: Unsecured Creditors

Class 12: Disputed Creditors

## VII.
## UNIMPAIRED CLAIMS AND INTERESTS

The only unimpaired claim is the claim with the IRS, Class 3.

## VIII.
## IMPAIRED CLAIMS

All Classes of claims are impaired except Class 3, the IRS.

## IX.
## TREATMENT OF CLASSES OF CLAIMS

THE FOLLOWING PROVISIONS APPLY TO THE CLASSES AS IDENTIFIED HEREAFTER:

A) LEASES AND EXECUTORY CONTRACTS: Debtors have one (1) executory contract with a realtor which has previously been approved by the Court and requires payment only if a sale occurs.

B) ADMINISTRATIVE EXPENSES: Expenses of administration shall be paid on the effective date of the Plan. Debtors counsel fees and expenses will be paid upon approval by the Court and any Trustee fees and Clerk fees will be paid upon the effective date of the Plan.

C) DESIGNATION AND TREATMENT OF CLASSES OF CLAIMS:

Class 1: Dacotah Bank – Class 1 shall receive no payment under the Plan. Debtors have paid off the skid steer note in relation to proof of claim #14, thereby completing this loan and taking possession of this asset without the need to make an on-going monthly payment upon confirmation of the plan. Dacotah Bank will maintain a blanket lien relative to the operating note, but Debtors are fee to sell the skid steer and agree to apply all proceeds to the existing note, if any.

Class 2: Dacotah Bank – Class 2 shall receive no payment under the Plan Debtors have returned the RV, listed in proof of claim #15, to the Bank in satisfaction of their loan obligation and eliminated the need to make an on-going monthly payment upon confirmation of the plan.

Class 3: United States of America/IRS – (Amended proof of claim #6) –Debtors have provided a copy of the return to the IRS for Ms. Larson for tax year 2011. The Amended Proof of Claim was in the amount of $0.00 Therefore, the Debtors will not pay the United States of America/IRS anything and believes this matter has been resolved.

Class 4: Department of Education – (Proof of Claim #10) – Class 4 shall be paid in full under the plan. The Department has a student loan owed by Debtor Julie Larson. Debtors would propose to pay $100.00 per month until this claim is paid in full. The payments will begin in the month following confirmation of the Plan.

Class 5: Nationstar – (Proof of Claim #11) – Class 5 shall receive payments under the Plan in accordance with the mortgage agreement. These payments began in August 2017. Debtors have been notified that Citimortgage has assigned, transferred and/or sold their interest to Nation Star on the first mortgage and the Debtors have been notified that Nationstar is changing its name to Mr. Cooper in the near future. All arrears will be moved to the end of the mortgage

The Debtors will either 1) pay off the notes or 2) sell the real property by August 1, 2018, otherwise the creditors will be granted relief from the automatic stay upon an affidavit of the creditors stating that the above two (2) options have not occurred.

Class 5a: Citimortgage — (Proof of Claim #20) The second mortgage on the house remains with CitiMortgage. Class 5a shall receive payments under the Plan in accordance with the mortgage agreement. These payments began in August 2017. All arrears will be moved to the end of the mortgage. The Debtors will either 1) pay off the notes or 2) sell the real property by August 1, 2018, otherwise the creditors will be granted relief from the automatic stay upon an affidavit of the creditors stating that the above two (2) options have not occurred.

Class 6: Dacotah Bank – (Proof of Claim #16) – Class 6 shall receive no payment under the Plan. Dacotah Bank had a mortgage on one (1) of the two (2) designated lots. Debtors agreed to turn over the lot associated with Proof of Claim #16 and Dacotah Bank agreed to any proceeds, more than the loan and expenses to sell the lot, would be applied to the loan regarding proof of claim #17. The lot has since been turned over to Dacotah Bank.

Class 6a: Dacotah Bank –(Proof of Claim #17) - Dacotah bank has two (2) notes regarding the operating loan and machinery. Debtors agree to make monthly payments beginning January, 2017 for five (5) years amortized over thirty (30) years with a balloon payment after five (5) years. The monthly payments will be $751.81. The balloon payment will be $129,357.28. If the case is dismissed or converted without completion of the Plan, the secured lien of Dacotah Bank shall be retained to the extent recognized by applicable non-bankruptcy law.

Class 7: Black Hills Federal Credit Union (BHFCU) – (Proof of Claim #7) – Class 7 shall receive monthly payments of $915.14 consistent with their original note. This creditor has a note on the 2013 Cadillac Escalade. Debtors were current on the payments for this vehicle at the date of filing. Debtors proposed moving the missed payment, since filing, to the end of their loan and began making the monthly payments beginning with the December, 2016 payment. Creditor would maintain their lien until pay in full and the provide good title to Debtors.

Class 8: Black Hills Federal Credit Union (BHFCU) – Class 8 shall receive no payment under the Plan. Creditor has one (1) note that covers one (1) of the two (2) designated lots. The Debtors have turned over the lot, and BHFCU has agreed that any proceeds more than the loan and expenses, to sell the lot, would be applied to the loan against the debt of Class 7.

Class 9: Ally Financial – (Proof of Claim #9) – Class 9 shall receive shall receive monthly payments of $907.25 consistent with their original note. Creditor has a lien on a 2015 GMC Sierra Pickup Truck. Debtors were current on this vehicle at the date of filing. Debtors proposed moving the missed payments to the end of their loan and began making monthly payments beginning with the May, 2017 payment. Creditor would maintain their lien until paid in full and then provide good title to Debtors.

Class 10: Citizens Federal – (Proof of Claim #27) – Class 9 shall receive shall receive monthly payments of $333.83 consistent with their original note. Creditor has a lien on a 2010 Elite Horse Trailer. Debtors were current on this trailer at the date of filing. Debtors proposed moving the missed payments to the end of their loan and began making the monthly payments beginning with the May, 2017 payment. The Creditor agreed to this arrangement and the Debtors voluntarily signed a loan modification accordingly. Creditor would maintain their lien until paid in full and then provide clear title to Debtors.

Class 11: Unsecured Creditors –

1. Class 11 shall receive 100% of their Proof of Claim amounts or the undisputed amounts listed on Schedule F, accordingly, under the Plan.

2. Debtors propose to pay the unsecured creditors $100.00 per month, beginning in the first month after confirmation of this plan, in a proportional share relative to the valid claims of the unsecured class. The Debtors have prepared a chart for that proportional breakdown which is attached as Exhibit #1.

3. The Debtors then propose to increase the $100.00 payments the unsecured pool receives in monthly payments when they complete paying the secured creditors in Classes seven (7)[ $915.14], nine (9) [$907.25] and ten (10) [$333.83]. The step up payment amounts are listed in the [ ] with each listed class. That would begin in approximately thirty-six (36) to forty (40) months.

4. As stated above, when the house is sold, all net proceeds will be used to first pay off the first and second mortgages mentioned in Classes 5 and 5a, above, the realtor costs and any property taxes due at the time. Next, the Debtors will be allowed to utilize $10,000.00 to move and/or use for housing allowance. Next, all remaining proceeds will be applied to the unsecured pool of creditors.

5. Beginning in August 2018, the Debtors shall pay the unsecured class $2,000.00 per month, in pro rata shares consistent with Exhibit #1.

Class 12: Disputed Creditors

1. Debtors will make no payments under the plan to the three (3) creditors that were scheduled, but listed as disputed and then did not timely file a proof of claim, namely, Littleton Equine Medical Center, Converse County Memorial and US Bank #9801, in accordance with Rule 3003.

## X.
## MEANS FOR PLAN'S EXECUTION

Debtors shall retain all property of the estate. Debtors shall adhere to the above described payment schedules and such payments shall be made from the proceeds of Debtors continued operation. All property of the estate shall be vested in Debtors upon the effective date of the Plan. Debtors' failure to make the payments as outlined in the Plan shall be considered a default. A creditor shall notify Debtors of any alleged default in making payments under the plan. Debtors shall have 30-days from the date of the creditor's notice of default in which to cure the default by making the missed payment. If Debtors fail to cure the default within 30 days of the date of the creditor's notice, the

creditor shall be entitled to relief from stay upon the filing of an affidavit with the Court. A notice of default shall be made in writing and delivered to:

Jason Ravnsborg
Attorney for Debtors
721 Douglas, Suite 101
Yankton, SD 57078

All future tax refunds, whether federal or state, will be paid in the following order

1. To complete payment of attorney's fees; and

2. In order of classes not fully paid and/or satisfied from Classes 1 – 12.

## XI.
## NEW POST-FILING INDEBTEDNESS

Other than what has been set out in this Plan, no new debt has been incurred by Debtors, which are in arrears or not current.

## XII.
## PRE-PETITION CLAIMS THAT MAY BE PURSUED BY DEBTORS

Debtors shall retain the right to continue any prepetition causes of action. Further, Debtors shall have the continued right to dispute, contest and object to Proofs of Claim until the Plan is confirmed by the Court.

## XIII.
## MISCELLANEOUS PROVISIONS

Debtors have a domestic support obligation in the amount of $750.00 per month. Debtors will continue with these payments as obligated by State Court orders. No proof of claim was filed in this matter. Debtors propose to continue to make monthly payments until the original obligation is satisfied and continue making monthly payments until any arrears are paid in full, at a rate of $750.00 per month.

In accordance with 11 U.S.C §1123(a)(8) and §1129(a)(15), Debtors Plan hereby provides all future income, not reasonably necessary for the execution of the Plan, and as defined in 11 U.S.C. §1325(b)(2), and the value of property to be distributed under the Plan is not less than Debtors projected disposable income to be received during the period of the Plan.

In accordance with 11 U.S.C. §1141(d)(5)(A), Debtors discharge will not be available until completion of the Plan payments.

## XIV.
## CONCLUSION

It is respectfully submitted that Debtors have given every thought to the complex problems confronting them, and with assistance of counsel, has devised and formulated this Plan, with the hope that equitableness and fairness of the Plan will be considered by the parties in interest whose consent is necessary to confirm. It is sincerely hoped that all creditors will join in the consent of the Plan, so that they, as well as Debtors, will receive the maximum results.

Respectfully submitted this 18th day of October, 2017.

_____
Russell John Larson

_____
Julie Ann Larson

HARMELINK, FOX & RAVNSBORG
LAW OFFICE

_____
Jason Ravnsborg
Attorney at Law
721 Douglas Avenue, Suite 101
Yankton, SD 57078
(605) 665-1001
jrrlaw@midco.net

LIQUIDATION ANALYSIS

DEBTORS NAMES: Russel John Larson and Julie Ann Larson
CASE NUMBER: 16-50131

| ASSET | VALUE | SECURED CLAIM | EXEMPTION | AVAILABLE TO UNSECURED |
|---|---|---|---|---|
| 24713 Coolidge Creek Road Hermosa, SD 57744 | $595,000.00 | 525,000.00 | $170,000.00 | $0.00 |
| Richland County MT property Mineral rights | $15,000.00 | | | $15,000.00 |
| Honda Rubicon | $1,000.00 | | $1,000.00 | $0.00 |
| 2008 Elite Stock Trailer Comb 24' | $25,000.00 | $13,490.00 | | $11,510.00 |
| 1982 Oldsmobile 88 | $200.00 | | $200.00 | $0.00 |
| 2015 GMC Dually | $31,356.00 | $35,143.87 | | $0.00 |
| 2013 Cadillac Escalade | $43,541.00 | $36,968.84 | $125.00 | $6,447.16 |
| ATVs | $1,200.00 | | $1,200.00 | $0.00 |
| Household Goods | $7,475.00 | | $7,475.00 | $0.00 |
| Wearing Apparel | $300.00 | | $300.00 | $0.00 |
| Cash* | $0.00 | | $0.00 | $0.00 |
| Bank Account (Debtor in possession through August of 2017) | $37,981.59 | | $0.00 | $37,981.59 |
| Farm Equipment | $261,290.00 | $140,049.02 | | $121,240.98 |
| Tools | $2,000.00 | | $2,000.00 | $0.00 |
| **TOTAL** | | | | **$192,179.73** |

(This analysis does not account for any cost, realtor or auction fees associated with liquidating the property.)

*Running everything through DIP Accout